**MANDELBAUM SALSBURG, PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Tel. (973) 736-4600
Fax (973) 325-7467
*Attorneys for Plaintiff, LITHOS ESTIATORIO*
*LIMITED LIABILITY COMPANY*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LITHOS ESTIATORIO LIMITED LIABILITY COMPANY, a New Jersey Limited Liability Company,<br><br>     Plaintiff,<br><br>v.<br><br>LITHOS RESTAURANT, TEDDY GIAPOUTZIS, an individual, and OLGA GIAPOUTZIS, an individual,<br><br>     Defendants. | CASE NO. _____<br><br><br><br>**VERIFIED COMPLAINT &**<br>**JURY DEMAND** |

Plaintiff Lithos Estiatorio Limited Liability Company ("Plaintiff" or "Lithos"), by its attorneys Mandelbaum Salsburg, P.C., for its verified complaint against Defendants Lithos Restaurant, Teddy Giapoutzis and Olga Giapoutzis, (collectively, "Defendants"), states as follows:

### NATURE OF ACTION

1.  Plaintiff Lithos is a Greek restaurant in Livingston, New Jersey that offers contemporary Greek cuisine. Since January 2012 Lithos has provided restaurant services under its LITHOS and LITHOS ESTIATORIO trademarks ("Plaintiff's Marks"), and promoted its restaurant services under the Plaintiff's Marks in the Greater New York metropolitan area encompassing northern New Jersey, New York City and its five boroughs and Southern

Connecticut tri-state area, and on the Internet at www.lithosgreekrestaurant.com. The term "estiatorio" means "restaurant" in Greek.

2. Defendants opened a restaurant named Lithos Restaurant in Darien, Connecticut in 2015. The restaurant offers contemporary Greek cuisine under a stylized trademark similar to Plaintiff's Marks to approximate the look and feel of Plaintiff's website and restaurant signage. Defendants also registered several domain names wholly incorporating Plaintiff's LITHOS mark, including lithos-restaurant-darien.com and lithosdarien.com, and host a restaurant website at these domain names. Over the past several weeks, however, Plaintiff has become aware of Defendants' willful and intentional acts to violate Plaintiff's rights under federal and state law. Specifically, Defendants have caused actual consumer confusion by offering discounted dining promotions through social media websites such as Groupon. Such acts are causing substantial reputational harm to Plaintiff.

3. Accordingly, Plaintiff seeks here to stop Defendants' use of the lithos-restaurant-darien.com and lithosdarien.com domains, the "Lithos Restaurant" brand and Defendants' stylized LITHOS designation, as well as the other acts described herein, to protect the goodwill it has built up in its own LITHOS and LITHOS ESTIATORIO brands and trademarks. Plaintiff therefore brings this action for trademark infringement, unfair competition and false designation of origin under §§32, 34(d) and 43(a) and (c) of the Trademark Act of 1946 as amended (15 U.S.C. §§ 1114, 1116(d) and 1125 (a) and (c)), and under the common law of the State of New Jersey. Plaintiff seeks injunctive relief and damages.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. §1121, and Sections 1331, 1338(a), 1338(b) of the Judicial

Code, 28 U.S.C. §§ 1331, 1338 (a) and (b), and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).

5. Venue is proper under 28 U.S.C. §1391(b) of the United States Code in that a substantial part of the events giving rise to the claims occurred in and are directed from this District.

## PARTIES

6. Plaintiff Lithos Estiatorio Limited Liability Company operates a restaurant in Livingston, New Jersey, by the name of "Lithos Estiatorio," and is a New Jersey limited liability company with its principal place of business at 405 Eisenhower Parkway, Livingston, New Jersey.

7. Defendant Lithos Restaurant is a restaurant located at 319 Boston Post Road, Darien, Connecticut.

8. Defendants Teddy and Olga Giapoutzis are the principal owners and/or operators of Lithos Restaurant, and have a business address that is the same as Defendant Lithos Restaurant. Defendants Teddy and Olga Giapoutzis own and operate the websites located at the URL lithosdarien.com and lithos-restaurant-darien.com.

## BACKGROUND FACTS

9. Plaintiff operates a well-known restaurant that began offering its services in January 2012 under the service marks LITHOS and LITHOS ESTIATORIO. The term ESTIATORIO is means "restaurant" in Greek. Lithos received numerous and positive review of its restaurant services from the press. A partial listing of the widespread publicity obtained by Lithos and Plaintiff's Marks, including in local, statewide and nationwide publications, articles and online resources, including many that are circulated in the state of New Jersey and in the

Greater New York metropolitan area encompassing northern New Jersey, New York City and its five boroughs and Southern Connecticut tri-state area, is attached as **Exhibit A**. Among such national publications that have featured and/or promoted Plaintiff and Plaintiff's Marks are Wine Spectator, TripAdvisor.com, Zagat, Neo Magazine, NJ.com and Morris | Essex Health & Life Magazine (print and online).

10. In addition to tremendous, positive and widespread publicity for Plaintiff's Marks, Lithos obtained U.S. Registration No. 4,884,859 for "bar services; provision of food and drink; restaurant services" in Int. Class 43 for LITHOS ESTIATORIO (word-only) and U.S. Registration No. 4,884,858 for "bar services; provision of food and drink; restaurant services" in Int. Class 43 for LITHOS ESTIATORIO (stylized) as shown below:



Copies of the foregoing U.S. Registrations are attached as **Exhibit B**. Lithos has used Plaintiff's Marks since at least as early as March 16, 2011 and in commerce as early as January 16, 2012, which is well prior to Defendants' first use of the "Lithos Restaurant" designation.

11. The registrations for Plaintiff's Marks are valid, subsisting and in full effect and serve as *prima facie* evidence of the validity of each mark and of Plaintiff's exclusive right to use the marks in connection with the services identified therein, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. §1115(a).

12.     Plaintiff's Marks are inherently distinctive and, in light of the widespread positive publicity associated with its use by Lithos, has come to symbolize that the services offered thereunder represent and are sponsored by Lithos. Consumers seek out Lithos' services due to Lithos' use of the LITHOS and LITHOS ESTIATORIO marks and the excellence and goodwill symbolized thereby.

13.     Plaintiff's Marks are used online at the website located at www.lithosgreekrestaurant.com. As Lithos' website indicates, it is a Greek restaurant that offers contemporary Greek cuisine. *See* Lithos' website, attached as **Exhibit C**.

14.     Plaintiff has achieved great commercial success with the services offered under Plaintiff's Marks.  Plaintiff's sales have been substantial and continue to rise.

15.     Moreover, Plaintiff has invested a substantial amount of time, effort and money in advertising and promoting Plaintiff's Marks, having expended substantial sums on advertising and promotion, in addition to multiple reviews published in print and on the Internet.

16.     Plaintiff also invested a substantial amount of time, effort and money in advertising and promoting Plaintiff's Marks on the Internet. It further promotes its brand and restaurant services on social media and networking websites.  Plaintiff operates pages on social media including but not limited to Facebook.

17.     As a result of the unique and distinctive nature of Plaintiff's Marks, and the extensive display, sales, promotion and use by Lithos, Plaintiff's Marks have become associated with Lithos in the minds of the general public and carry enormous goodwill for Plaintiff. Plaintiff's Marks, as service marks, distinguishes Plaintiff's restaurant services from the same or similar services of others, and is indicative to the trade and to consumers that restaurant services bearing Plaintiff's Marks originate from, or are sponsored or approved by, Lithos.

**DEFENDANTS' WRONGFUL CONDUCT**

18.     Beginning in 2015, unbeknownst to Plaintiff, three years after Plaintiff opened its restaurant, Defendants began offering restaurant services, primarily Greek cuisine under the name LITHOS RESTAURANT (the "Infringing Mark") under the stylization as follows, which uses a similar font and stylization as Plaintiff's stylization:



Defendants offer their services, which are similar to those offered by Lithos, at a restaurant located in Darien, Connecticut. Defendants have advertised its services under the Infringing Mark, and seek customers not only in Darien, but also in the Greater New York metropolitan area encompassing northern New Jersey, New York City and its five boroughs and Southern Connecticut tri-state area. *See* Defendants' website and links thereto, located at www.lithosdarien.com, attached hereto as composite **Exhibit D**. By virtue of its online presence and other advertising and publicity, Defendants promotes such services to the general public in the State of New Jersey in this District.

19.     Defendants' services have been publicized in some of the same regional and national publications that Lithos' services have been promoted in (*e.g.*, Zagat.com). Defendants' activities in offering the same Greek restaurant services bearing the Infringing Mark began long after Plaintiff's Marks were first adopted and used by Lithos.  Defendants' adoption and use of "Lithos Restaurant" was subsequent to Plaintiff's use of "Lithos Estiatorio" in commerce, in

6

which "Estiatorio" means "Restaurant" in Greek.

20. The activities of the Defendants with regard to its use of the Infringing Mark in connection with confusingly similar services are and have been without authorization from Plaintiff, and with the intention of infringing upon Plaintiff's rights, thereby causing harm, injury and damage that is irreparable. On March 10, 2016, Plaintiff and its attorney wrote to Defendants advising Defendants of Plaintiff's trademark rights and expressing concerns regarding Defendants' unauthorized use of Plaintiff's Marks in an attempt to resolve this matter without need for litigation, but Defendants refused to stop using the Infringing Mark. *See* correspondence attached as composite **Exhibit E**.

21. On March 23, 2016, Defendants responded via counsel requesting a telephone discussion with Plaintiff's counsel. In the telephone discussion, Defendants' counsel represented that Defendants did not conduct a name search prior to opening their restaurant, and that Defendants were going to change the name of the restaurant since the restaurant was not doing well financially. Defendants' counsel requested an extension of time for two weeks to provide a written response.

22. On April 28, 2016, after Defendants failed to provide a written response, Plaintiff and its attorney wrote to Defendants again, but no response was provide and no resolution was reached.

23. In the past few weeks, Defendants have surreptitiously conducted an intentional and insidious campaign to encroach on Plaintiff's intellectual property rights to an intolerable level that is now creating confusion in the marketplace in violation of state and federal law.

24. For example, contrary to Defendants' prior representations of changing its

restaurant name, Defendants advertised on Groupon.com and offered a Groupon Discount Deal[1]" titled "Authentic Greek Lunch or Dinner for Two or Four at Lithos (Up to 41% off) to consumers to purchase a "Groupon Deal" to get $30 value for lunch for two for $20; $36 for $60 value for lunch for four; $50 for $80 value for dinner for two; or $95 for $160 value for dinner for four. *See* a printout of Defendants' Groupon page, accessible at https://www.groupon.com/deals/lithos, attached as **Exhibit F**.

25. Plaintiff has received reports of actual confusion among consumers resulting from Defendants' recent offer available on the Groupon website. Numerous customers have contacted Plaintiff in the mistaken belief that the offers were those of Plaintiff's, for Plaintiff's restaurant services, rather than by Defendants for their restaurant services.

26. On August 24, 2016, two consumers went to Plaintiff's restaurant in New Jersey and attempted to use the Groupon they purchased from Defendants' Groupon Discount Deal at Plaintiff's restaurant, and refused to pay Plaintiff for services rendered.

27. Other instances of actual confusion have also come to Plaintiff's attention, in particular from customers who believed that Defendants' Lithos Restaurant in Darien, Connecticut, was affiliated with Plaintiff's Lithos Estiatorio in Livingston, New Jersey. For example, Plaintiff received numerous telephone calls from consumers making reservations for Defendants' restaurant. Plaintiff also received numerous online reservations for its restaurant in New Jersey from consumers making reservations intending for Defendants' restaurant on OpenTable.com[2] leading to no shows at Plaintiff's restaurant. In addition, Plaintiff's customers are unable to make reservations at Plaintiff's restaurant after OpenTable.com purportedly

---

[1] Groupon partners with merchants by hosting a discount deal and keeping at least 50% of the profit as a marketing fee. Unlike a standard coupon, a Groupon lets consumers pay the discounted price for goods or services in advance by purchasing the deal.

[2] OpenTable.com is an online real-time restaurant-reservation service.

8

indicates on its website that Plaintiff's restaurant was fully booked up when it was not.

## COUNT 1: INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

28. This cause of action arises under §32 of the Trademark Act of 1946 as amended (15 U.S.C. §1114) for infringement of federally registered trademark.

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. By reason of the foregoing acts, the Defendants have intentionally infringed, and shall continue to intentionally infringe, Plaintiff's federally registered trademark, causing irreparable injury, harm and damages, the full extent of which cannot presently be determined. Unless Defendants are enjoined by the Court, the irreparable injury, harm and damages to Plaintiff shall continue.

## COUNT II: FALSE DESIGNATION OF ORIGIN OF SERVICES AND FALSE REPRESENTATION

31. This cause of action arises under §43(a) of the Trademark Act of 1946 as amended (15 U.S.C. §1125(a)) for false designation of the origin of services and false description and representation.

32. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. By reason of the foregoing acts, Defendants have falsely and intentionally designated the origin of services they are marketing and have otherwise made intentionally false descriptions and representations about such services. The Defendants' activities are likely to create confusion among the purchasing public, are likely to deceive purchasers concerning the source or sponsorship of such services, and will otherwise mislead purchasers as to the origin of the services offered and sold by the Defendants, and cause purchasers and others to believe that

Defendants' services come from, or are sponsored or approved by, or affiliated with, Plaintiff, thereby causing irreparable harm, injury and damages to Plaintiff.

### COUNT III: UNFAIR COMPETITION (COMMON LAW)

34. This cause of action arises under the common law of unfair competition of the State of New Jersey.

35. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendants, by reason of the foregoing acts, have intentionally traded upon and appropriated the reputation and valuable goodwill of Lithos and Plaintiff's Marks, and have acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of Defendants' services. In general, Defendants' acts are likely to lead the public mistakenly to the belief that Defendants' services are in some way sponsored by, associated with, or affiliated with Plaintiff, and/or create the impression that Defendants' and Plaintiff's Greek restaurant services are offered under the same corporate aegis and authority. Defendants' activities constitute unfair competition and a misappropriation and infringement of Plaintiff's common law trademark rights, and have caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

    a. A judgment in favor of Plaintiff and against Defendants on all counts;

    b. An injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §1116, 17 U.S.C. §502, N.J.S.A. §56:3-13.16(d) and N.J.S.A. §56:4-2, preliminarily and permanently restraining and enjoining Defendants, their

officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, from using the Infringing Mark and/or Plaintiff's Marks, or engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Plaintiff or Plaintiff's Marks;

c. Damages in an amount to be determined at trial;

d. Defendants' unjust enrichment and/or disgorgement of Defendants' profits;

e. Trebling of damages for willful infringement and unfair competition;

f. Exemplary and punitive damages;

g. Pre-judgment interest at the legally allowable rate on all amounts owed;

h. Maximum statutory damages under 15 U.S.C. §1117(c) for infringement of a registered mark;

i. Costs and expenses;

j. Attorney's fees and other fees under, among others, 15 U.S.C. §1117(a) et. seq., as an exceptional case;

k. Restitution; and

l. Such other and further relief as this Court may deem just and proper.

Dated: September 8, 2016

           **MANDELBAUM SALSBURG, P.C.**
           *Attorneys for Plaintiff Lithos Estiatorio*
           *Limited Liability Company*


           By:   /s/ Arthur D. Grossman
                    Arthur D. Grossman

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated: September 8, 2016

                              **MANDELBAUM SALSBURG, P.C.**
                              *Attorneys for Plaintiff Lithos Estiatorio*
                              *Limited Liability Company*

                    By:    /s/ Arthur D. Grossman
                                Arthur D. Grossman

## **VERIFICATION**

Under penalty of perjury under the laws of the United States of America, I declare that I have read the foregoing Verified Complaint, and that the factual statements alleged therein are true and correct to the best of my knowledge and belief. I understand that a knowingly false statement in this Verification will subject me to penalties of perjury.

Executed on: September 8, 2016

By: _____
Christos Karnesis
President & Owner
Lithos Estiatorio Limited Liability Company
405 Eisenhower Parkway
Livingston New Jersey 7039